EASTERN DIS.
*March*, 1834.

ANDERSON
ET AL.
*vs.*
STEPHENS.

---

ANDERSON ET AL. *vs.* STEPHENS.

APPEAL FROM THE COURT OF THE SECOND DISTRICT.

The clerk's certificate that the record contains a full transcript of all the pleadings, proceedings, documents, and evidence on file in the case, does not authorise the conclusion that all the evidence adduced was put on file and is therefore insufficient.

EASTERN DIS.
*March*, 1834.

ANDERSON
ET AL.
*vs.*
STEPHENS.

The plaintiffs claimed of the defendant one thousand five hundred dollars, the amount of one instalment of the purchase money of the sale by the plaintiffs to the defendant, of a tract of land in the parish of Lafourche.

The defendant pleaded the general issue, to which he added several special pleas.

Judgment was rendered in favor of Anderson for two hundred and three dollars and fifty-three cents, and in favor of his co-plaintiff for seven hundred and twenty-six dollars and fifty cents. The defendant appealed.

The clerk of the court certified the record as follows.

"I the subscribing clerk of the second judicial District Court, sitting in and for the interior parish of Lafourche, certify the foregoing a true transcript of all the pleadings, proceedings, documents, and evidence on file, and of all the orders on record in the said court in the case," &c.

The appellant filed the transcript in November and his points in January following.

*Wheeler* and *Taylor* for plaintiffs and appellees.

1. By the stipulation of the act of sale, Stephens had a right to part from the two first payments of two thousand dollars each for one year after they became respectively due, if his crops were not sufficient to pay after deducting expenses. There was no testimony adduced to establish the occurrence of the event on which the right to part from depended. But if that had been proved, it would not have affected the obligations to pay, for more than one year had elapsed before suit was brought after the instalment fell due. *Civil Code*, 2036.

2. The plaintiffs cannot be delayed by the mere suggest,ons of defect of title contained in defendant's answer. Stephens must pay the price, because if even the title to the land sold was defective, he had not brought himself within the rule since he does not allege that he has *just reason* to fear he will be disquieted. *Faulk* vs. *Woolbridge, Louisiana Reports*, 2, 99. *Civil Code*, 2535.

EASTERN DIS.
*March*. 1834.

ANDERSON
ET AL.
*vs.*
STEPHENS.

3. No deficiency in the quantity of the land sold is shown. If there had been a deficiency, Stephens would not be entitled to a diminution of price, for it was sold from boundary to boundary for a round sum. *Civil Code*, 2468, 2471.

4. The death of Anderson is not proved, but if it was it would produce no effect on the proceedings. Mrs. Anderson renounced her mortgage, and so did Mr. Nettleton. *Code of Practice*, art. 21.

5. There are no grounds for an appeal, and there is nothing on record by which the correctness of the decision of the tribunal of the first instance can be examined, since the record is not certified according to law; there is no statement of facts, bill of exceptions to the opinion of the judge, or special verdict, nor a judgment of error; and the judgment of the inferior court must be affirmed with damages. *Code of Practice*, arts. 586, 897. *Nicholls* vs. *Petaguin*, 7 *N. S.*, 608. *Pugh* vs. *Erwin*, 6 *N. S.*, 159.

*Nicholls*, for defendant and appellant, contended that:

1. The court *a quo* erred in refusing to make the widow and heirs of Anderson parties to the suit.

2. The plaintiffs could not recover without having made a previous tender of release, nor were they at any time in a capacity to make said release.

3. The court erred in refusing to order a survey.

MATHEWS, J., delivered the opinion of the court, which was the same as in the case of *Nettleton* vs. *Stevens*, *ante*, 165.

This appeal must be dismissed at the appellant's costs. The certificate of the clerk states that the record contains a full transcript of all the pleadings, proceedings, documents, and *evidence on file* in the case. There is no statement of facts, bill of exceptions, or special verdict; and the appellant has suffered the period fixed by law to pass, without any assignment of errors apparent on the face of the record.

*The clerk's certificate that the record contains a full transcript of all the proceedings, documents, and evidence on file in the case, does not authorise the conclusion that all the evidence adduced was put on file, and is therefore insufficient.*

Nothing authorises the conclusion, that all the evidence adduced was put on file.

It is, therefore, ordered, adjudged and decreed, that this appeal be dismissed with costs.